IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL STELLJES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1982 (MN) |
| | ) | |
| KOLAWOLE AKINBAYO, Warden, and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

Presently pending before the Court is Petitioner Michael Stelljes' ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1). The Petition asserts four claims challenging his violation of probation ("VOP") conviction and sentence that occurred in February-March, 2018. (D.I. 1).

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

Claim Two of the Petition asserts ineffective assistance of counsel. A petitioner convicted in Delaware properly exhausts state remedies for an ineffective assistance of counsel claim by presenting it to the Delaware state courts in a Rule 61 motion and post-conviction appeal. *See Guy v. State*, 82 A.3d 710, 715 (Del. Nov. 27, 2013) (claim alleging ineffective assistance of trial

counsel may not be raised on direct appeal). Petitioner has attached a copy of the Delaware Superior Court's November 28, 2018 letter order denying his Rule 61 motion. (D.I. 1-1 at 4-8). Although Petitioner did not file an appeal from the Rule 61 decision, Petitioner's statements in the Petition indicate his intent to file a post-conviction appeal. (D.I. 1 at 7-9). Petitioner also indicates his intent to appeal the new sentencing order that was issued simultaneously with the denial of his Rule 61 motion.[1] (D.I. 1 at 10). Given these circumstances, the Court concludes that Petitioner has not yet exhausted state remedies for all of his federal habeas claims.[2]

The Petition indicates that Petitioner may still file a timely post-conviction appeal, and that he is not presently in danger of running afoul of AEDPA's one-year limitations period. Accordingly, the Court will summarily dismiss the Petition without prejudice for failure to exhaust state remedies.[3] The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). *See United States v. Eyer*, 113 F.3d 470, 474 (3d Cir. 1997). A separate Order follows.

December 21, 2018

*[signature]*

The Honorable Maryellen Noreika
United States District Judge

---

[1] Indeed, given the date on the Petition, Petitioner may have already filed a notice of appeal from the Superior Court's denial of his Rule 61 motion.

[2] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the petitioner's judgment of conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner is responsible for determining the events that trigger and toll the limitations period.

[3] As a general rule, a district court must dismiss a federal habeas petition without prejudice if the petitioner is exhausting, or may still exhaust, his available state remedies without running afoul of AEDPA's one-year limitations period. *See, e.g. Rhines v. Weber*, 544 U.S. 269, 273-76 (2005) (discussing the general rule as set forth in *Rose v. Lundy*, 455 U.S. 509 (1982) and the limited exception to it, which does not appear to apply here).